**Boone BEGLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

———◆———

Will C. Hoskins, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Boone Begley was convicted of grand larceny in the theft of an automobile wheel and tire, and was sentenced to one year in the penitentiary. Appealing, he claims insufficiency of the evidence to sustain a conviction, and error in the instructions.

Begley was jointly indicted with Bobby Browning and Dean Bowling, but was tried separately. The instructions authorized the jury to find Begley guilty as a principal or as an aider and abettor.

■ The wheel and tire were stolen from a car owned by Bess Kissmer. The car had been parked for the night at the side of a country road near Miss Kissmer's home.

Miller Rice, a nephew of Miss Kissmer, testified that he had been to a drive-in theater on the night in question and that upon his return around midnight, he saw the appellant and Bobby Browning and Dean Bowling fixing what appeared to be a flat tire on Browning's car. As he proceeded on up the road, he noticed that a wheel was missing from his aunt's car, which was parked about twenty-five yards beyond where the appellant and his codefendants were fixing a tire. He became suspicious and proceeded home to inform his father, Charlie Rice. After having been informed, Charlie Rice and his son started back to where the appellant and the codefendants were but the appellant and the others drove off just as they were approaching them. Charlie and his son gave chase in their own automobile. After overcoming some evading maneuvers they caught up with the car in which the appellant was. Having succeeded in stopping the defendants, Charlie began questioning them as to whether or not they had stolen the wheel and tire and asked if he might search the car. They denied stealing the wheel and tire and he was not allowed to search the car. However, he thought he saw what looked like a wheel and tire in the rear seat. Charlie testified that when he asked permission to search the car Begley said, "No, don't let him look."

Having been refused the right to search the car, Charlie Rice and his son proceeded back to Dryhill, where the next day Charlie procured a warrant and the services of Hense Stidham, a deputy sheriff, and picked up Bess Kissmer. They went to Bull Creek, where they found Bobby Browning's car parked at Rob Begley's home. They arrested him and had him show them where he had driven the preceding night. Through information gained from Browning they

discovered he had turned at the Midway School. Stidham noticed that a car had been behind the school and found tracks which led up the hillside. The wheel and tire were found on the hillside behind a tree and later were identified by Bess Kissmer as belonging to her.

Begley admitted the truth of most of the facts testified to by Charlie and Miller Rice, except that he denied having said, "No, don't let him look." He testified that for some time before the Browning car stopped near the Kissmer car he had been asleep, and that when he awoke, Browning had the car jacked up and was putting a tire on.

We think the evidence, although circumstantial, was sufficient to support the conviction. The defendant was placed at the scene of the crime, engaged with his companions in doing something with a wheel and tire on the Browning car. They left the scene hurriedly and attempted to evade pursuit. When stopped, they refused to let their car be searched. Later they stopped at a place from which fresh footprints were found leading up the hill to the point where the stolen wheel and tire were concealed.. The links combine to form a chain of circumstances pointing strongly towards guilt.

██ Begley complains both of the giving of the aider and abettor instruction, and of the form of the instruction. He argues the instruction should not have been given because there was no evidence that he had any knowledge of an intent of his companions to commit the crime, or had any unlawful intent himself, or had. cooperated or agreed to cooperate with his companions in the commission of the crime. He argues that the form of the instruction is erroneous because it authorized the jury to find him guilty as an aider and abettor without first finding guilty knowledge, felonious intent, or an agreement to cooperate. Both arguments are essentially the same.

Begley relies upon Moore v. Commonwealth, Ky., 282 S.W.2d 613. There, a boy had been shot by one of three men who were on a hillside hunting. The men were generally in company with each other, but were some distance apart from each other. There was nothing in the evidence to indicate that the shot was the result of any concerted action, or preconceived plan, or was anything other than an act of impulse of the moment by the man who fired the shot. This Court held that the evidence did not warrant an aiding and abetting instruction.

The Moore case is clearly distinguishable by the nature of the act and the circumstances. In the case before us, there is sufficient evidence of concerted action, a common purpose and mutual encouragement. There was evidence that Begley was assisting his companions in whatever was being done to the wheel and tire on the Browning car, that he urged his companions not to let Charlie Rice search the car, and that he was present when the Browning car stopped at the place near which the stolen wheel and tire were found concealed.

In Taylor v. Commonwealth, 301 Ky. 109, 190 S.W.2d 1003, we said that the existence of a common purpose between persons participating in a crime, and the joint character of the undertaking, may be inferred from the circumstances accompanying the act. We think the circumstances here justify an inference of common purpose and concerted action.

The instruction authorized conviction if the jury believed that Begley "was present and near enough to and did aid, abet, advise, counsel and encourage" his companions or either of them "to take, steal or carry away" the wheel and tire "with the felonious and fraudulent intent to then and there convert same to his or their own use." We think the instruction was proper under the facts of this case.

The judgment is affirmed.